IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARRIET SAVITCH,** | : | |
| | : | |
| Plaintiff pro se, | : | Case No. 07-215 |
| | : | |
| v. | : | |
| | : | |
| **MARTIN KIRK, individually and in** | : | |
| **his official capacity as Code Enforcement** | : | |
| **Officer of the Department of Land Use** | : | |
| **of New Castle County, and NEW** | : | |
| **CASTLE COUNTY,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS MARTIN KIRK AND NEW CASTLE COUNTY'S RESPONSE TO PLAINTIFF'S MOTION FOR AN EXTENSION

1. On April 20, 2007, Plaintiff filed a Complaint alleging that Martin Kirk, both in his individual and his official capacity, and New Castle County (hereinafter "Defendants") violated her right to be free from an unlawful seizure pursuant to the Fourth Amendment of the United States Constitution. *See Complaint generally.* In addition, Plaintiff's Complaint alleged that the Defendants negligently inflicted emotional distress to her and unlawfully detained her. *See Complaint generally.*

2. On August 20, 2007, Defendants were served with a copy of Plaintiff's Complaint.

3. On September 6, 2007, Defendants filed a Motion for Summary Judgment in response to Plaintiff's Complaint. The Motion for Summary Judgment was filed on the basis that Plaintiff's claims against the Defendants were unfounded as the Plaintiff had failed to present any facts demonstrating that the Defendants had deprived her of any

federally protected rights. Further, Plaintiff had failed to demonstrate why the Defendants did not enjoy protection under the Delaware Tort Claims Act or why Defendant Kirk was not entitled to qualified immunity. *See Defendants' Motion for Summary Judgment, generally.*

4.      Plaintiff's response to the Defendants' Motion for Summary Judgment was to be filed with this Honorable Court by September 24, 2007.

5.      On September 10, 2007, counsel received a letter from The Neuberger Firm stating that The Neuberger Firm would be representing Plaintiff in matter at hand. The September 10, 2007 letter also requested that Defendants' counsel consent to stay the present briefing schedule and allow the Plaintiff an opportunity to conduct discovery by taking the deposition of Martin Kirk, Officer Solomon and Dr. Cuba.

6.      On September 11, 2007, Defendants' counsel sent a letter to Thomas Neuberger, Esquire indicating that counsel would not consent to a stay of the present briefing schedule. The September 11, 2007 letter also indicated that Defendants' counsel was opposed to Plaintiff's request to take the depositions of Martin Kirk, Officer Solomon or Dr. Cuba.

7.      On September 28, 2007, Plaintiff filed a Motion for Extension with this Honorable Court, and on October 1, 2007, Defendants received a copy of Plaintiff's Motion for Extension.

8.      On October 1, 2007, Plaintiff filed a letter addressed to this Honorable Court describing the circumstances under which she attempted to retain counsel for this matter. On October 2, 2007, Defendants received a copy of the Plaintiff's October 1, 2007 letter.

9. Plaintiff filed the Complaint in this matter on April 20, 2007. The Defendants were served with a copy of the Complaint on August 20, 2007. Plaintiff has had at least five months to attempt to retain counsel to assist her in this matter.

10. Although Plaintiff's October 1, 2007 letter to this Honorable Court describes the circumstances under which she attempted to retain an attorney, Plaintiff fails to acknowledge that both she and Mr. Neuberger were aware that the Response to the Defendants' Summary Judgment Motion was due on September 24, 2007. Plaintiff did not attempt to obtain an extension to file her response until after the deadline for filing her response had passed.

11. Although courts generally treat *pro se* plaintiffs with leniency, when a "*pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) *citing Jourdan v. Jabe*, 951 F.2d 108, 100 (6th Cir. 1991). "Even *pro se* litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920 (8th Cir. 2005) *citing Schooley v. Kennedy*, 712 F.2d 372, (8th Cir. 1983).

12. In this case, Plaintiff was well aware that her response was due on September 24, 2007 and she did not attempt to seek an extension to file her response until after the deadline had passed. Plaintiff has offered no reasonable explanation as to why she waited until after the response deadline to make her request. Plaintiff is unable to offer any facts that set forth a reasonable explanation as to why she failed to comply with the procedural rules that all litigants are bound by.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Extension of Time to respond to the Defendants' Motion for Summary Judgment.

Respectfully submitted,

/s/ Harshal Purohit_____
Harshal Purohit, No. 4593
New Castle County Law Department
87 Read's Way
New Castle, DE 19720
(302) 395-5272
*Attorneys for Defendants, Martin Kirk and New Castle County*

DATED: October 2, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARRIET SAVITCH,** | : | |
| | : | |
| **Plaintiff pro se,** | : | Case No. 07-215 |
| | : | |
| v. | : | |
| | : | |
| **MARTIN KIRK, individually and in** | : | |
| **his official capacity as Code Enforcement** | : | |
| **Officer of the Department of Land Use** | : | |
| **of New Castle County, and NEW** | : | |
| **CASTLE COUNTY,** | : | |
| | : | |
| **Defendants.** | : | |

### CERTIFICATE OF SERVICE

    I, Harshal Purohit, Assistant County Attorney, hereby certify that on the 2nd day of October, 2007, two copies of the foregoing "Defendants Martin Kirk and New Castle County's Response to Plaintiff's Motion for an Extension" was served via U.S. Mail, postage prepaid, to the party at the following address:

        Harriet Savitch
        16 Woodbrook Circle
        Wilmington, DE 19801

            /s/ Harshal Purohit
            Harshal Purohit, Assistant County Attorney (#4593)
            New Castle County Law Department
            87 Reads Way
            New Castle, DE 19720
            (302) 395-5272
            *Attorney for New Castle County and Martin Kirk*

Dated: October 2, 2007